MATTER OF V——B——

In DEPORTATION Proceedings

A–10648036

*Decided by Board November 12, 1959*

**Misrepresentation—Materiality—Facts, other than name, which relate to identity.**

Misstatements in visa application concerning country of birth, citizenship, and places of residence, all being directly related to the alien's identity, are material. Hence, when knowingly made, such misrepresentations invalidate the visa and create grounds of exclusion or deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry as alien who has procured visa by fraud.

### BEFORE THE BOARD

**Discussion:** Respondent, a native and citizen of Guatemala, last entered the United States at Brownsville, Texas, on April 13, 1956, at which time he presented a nonquota immigrant visa issued at the American Embassy at Mexico, D.F., Mexico, on April 12, 1956, and was admitted for permanent residence. He appeals from a decision on September 23, 1959, directing deportation on the ground set forth in the order to show cause. Respondent does not contest deportability. In exceptions noted in the appeal, it is alleged that he admitted the facts in the hearing but did not admit that he knowingly and willfully misrepresented material facts in his application for an immigrant visa (April 12, 1956).

The evidence, which has been summarized by the special inquiry officer, will be reviewed briefly. Deportability is predicated on the fact that the respondent admits, and the records placed in this proceeding plainly prove, that at the time he (the respondent) executed an application for an immigrant visa, made at the American Embassy in Mexico City, Mexico, he knowingly and falsely, in response to interrogatories therein, stated that he was single (unmarried); that he was born in Mexico on October 6, 1916, and was a citizen of that country; and in answer to question No. 26, relative to prior residence, he stated he had always lived in Mexico (1916 to 1956). The true factual situation is that the respondent was born

in Guatemala on October 6, 1916, was married on or about November 28, 1953, in that country, and is the parent of 2 children by that marriage. Moreover, he had lived in Guatemala from 1916 to 1956, except the period from 1944 to 1950, during which time he was living in Mexico. The respondent now admits these facts. He alleges that a native and citizen of Guatemala, married, cannot obtain a document to leave that country without consent of the spouse.

Respondent has conceded that when he executed his application for an immigrant visa at the American Embassy in Mexico City, Mexico, on April 12, 1956, and knowingly and falsely stated he was a native and citizen of Mexico, he presented a birth certificate bearing his correct name and date of birth. Such certificate erroneously showed that he was born in Mexico. He obtained a Mexican passport, apparently at the same time, on the misstatements and misrepresentations. The spurious birth certificate which had been obtained by an aunt, according to the alien's testimony, was submitted to corroborate his false statements.

Respondent was married in Guatemala on November 28, 1953, to a citizen of that country and 2 children were the issue of the marriage. His spouse and children are in Guatemala. He separated from his wife about 1956, according to his testimony, but such marriage has not been terminated. On April 20, 1956, the respondent was married ceremonially to a citizen of Guatemala, who is a legally resident alien in the United States. In fact, it appears that the woman by the second marriage was a girl he had met in 1955. Inasmuch as the respondent's first marriage was valid and existing at the time of the second marriage, the ceremonial marriage on April 20, 1956, is invalid.

The foregoing facts, covering the pertinent evidence relating to deportability, establish by reasonable, substantial, and probative evidence that respondent knowingly and willfully misrepresented material facts in his application for the immigrant visa obtained for the purpose of entering the United States to reside permanently. The material misstatements related to his prior residence, his place of birth, and his citizenship. It is well settled by administrative decisions of this Board, and decisions of the judiciary, that material misstatements in an application for an immigrant visa, knowingly made, not only invalidate the document, but create a ground for exclusion of an alien (8 U.S.C. 1182(a)(19)) and/or a ground for deportation (8 U.S.C. 1251(a)(1)).

Although this respondent was a nonquota immigrant by claim to birth either in Guatemala or Mexico, the true place of birth and nationality of an alien seeking to enter the United States (whether quota or nonquota) is a material fact, in that such fact identifies

the alien. The correct places of residence prior to application for entry are also material. No precedents in support of these conclusions are necessary. Correct country of birth, citizenship, and places of prior residence enable consular officials to make the required investigation to determine the admissibility of an alien to the United States under our immigration laws.

Although respondent made no application for discretionary relief in the hearing, he has, in the appeal, requested the privilege of leaving the United States voluntarily. The special inquiry officer has correctly found that the respondent cannot meet the requirements for any discretionary relief. We have reviewed the proceedings and concur in that finding. The appeal will be dismissed.

**Order:** It is ordered that the appeal in this case be dismissed.